## WILLIAM MANNING *vs.* NATHANIEL WEST.

In an action on a special agreement in writing, for the execution of a lease for years, by the defendant to the plaintiff, of certain premises, of which the plaintiff had been in the use and occupation during the whole term mentioned in the agreement; it was held, that the plaintiff could not recover, without showing a demand upon the defendant for a lease, either before or during the term, or a waiver of such demand.

THIS was an action of assumpsit, commenced on the 16th of April, 1849, and tried before *Perkins,* J., in the court of common pleas. The declaration contained the money counts, and also a count on a special contract in writing made and signed by the defendant, by his agent, of which the following is a copy:—

" Salem, March 3, 1843. I Richard West, in consideration of forty-eight dollars this day paid me, and of two hundred and fifty-two to be paid on the tenth of this month, by William Manning, do hereby agree to execute a lease of the Mansion-House, stable, and the building in the rear of the store occupied by William H. Chase, to the said Manning, and the said buildings to be put in repair, and kept in good order throughout the term of the lease, and the lease shall be for five years, at the rate of six hundred dollars per year, payable quarterly.

" The above-mentioned sum of money to remain in my hands as security for any rent which shall become due under the lease. Aqueduct and taxes to be paid by said West. Said lease shall commence as soon as the house and stable are put in repair. Provided, that unless the above-mentioned two hundred and fifty-two dollars is paid at the time specified this agreement shall be void and of no effect."

The following, signed by the defendant's agent, was indorsed on the back of this instrument : —

" Salem, March 10, 1843. The within-named two hundred and fifty dollars have this day been paid me by William Manning, and the condition of said agreement has therefore been performed in full upon his part."

The only facts in evidence material to be stated are, that the plaintiff was in the occupation of the Mansion-House and other premises embraced in the contract, from the 17th of April, 1843, during the five years following ; that he paid in advance $300 as security for the rent, which sum did not appear to have been accounted for; and that he had paid all the rent as it became due.

The defendant objected, that the plaintiff could not sustain this action, without proving a demand on the defendant for a lease, or a waiver of such demand, or a tender of a lease to the defendant for him to sign and execute ; and the presiding judge being of this opinion, the plaintiff became nonsuit and alleged exceptions.

*D. Roberts*, for the plaintiff.

*O. P. Lord*, for the defendant.

DEWEY, J. This case presents a single question. The exceptions taken are to the general ruling of the court, that the plaintiff must prove a demand of a lease, or a waiver of a right to such demand, to entitle him to maintain this action. If this ruling was right the exceptions cannot be sustained. The plaintiff might have gone to the jury upon the evidence, if he had elected so to do, but he voluntarily withdrew the case from the jury, reserving merely a question of law, upon the ruling.

The case finds, that under a written contract of the defendant to execute a lease of the Mansion-House in Salem for the term of five years, the plaintiff had entered into and occupied the premises during the whole term. After the expiration of the term, and after he had left the premises, he instituted this action for a breach of the contract to execute a lease.

Without deciding any thing beyond this case, or whether without a demand for a lease an action might have been

brought, if the plaintiff had not had the use and occupation of the premises; the court are of opinion, that after having entered and had possession and occupation of the premises, of which a lease was to be executed, for the full term unmolested, he cannot maintain this action, if he did not, during that period, or at some antecedent time, make a demand on the other party for a lease, or show some acts equivalent to a waiver of such demand by the defendant.

The ruling seems to us to have been proper.

*Exceptions overruled.*